UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUZ AQUINO,

    Plaintiff,

    v.

JP MORGAN CHASE BANK, et al.,

    Defendants.
_____/

No. C 12-5548 PJH

**ORDER DENYING MOTION FOR STAY AND DENYING REQUEST FOR TRO**

    Plaintiff Luz Aquino ("plaintiff") filed a complaint in this court on October 29, 2012. The cover page of the complaint states that plaintiff is "filing a TRO to stop foreclosure and eviction from property." The court cannot determine whether plaintiff intends the complaint itself to be a request for a temporary restraining order ("TRO"), or whether the plaintiff merely intends to request a TRO at a later date. In any case, the complaint appears to seek a "stay" of state court actions, so the court will analyze the motion for stay and the quasi-TRO together, since they appear to seek the same relief.

    The court notes that the Anti-Injunction Act constrains the ability of federal courts to stay state court actions. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting

the state action to proceed." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

Plaintiff does not explain what the underlying state court action is, but based on plaintiff's expressed intention to "stop foreclosure and eviction from property," it presumably is a state law unlawful detainer action filed against plaintiff.  Accordingly, none of the three exceptions would apply.  Staying state court proceedings in an unlawful detainer case is not expressly authorized by Congress, is not necessary to aid the state court's jurisdiction, nor would a stay protect or effectuate this court's judgments.  A number of district courts have found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the Act.  See, e.g., Diaz v. National City Bank, 2012 WL 2129916 at *2 (S.D. Cal. June 12, 2012); Carrasco v. HSBC Bank USA, N.A., 2012 WL 646251 at *3-4 (N.D. Cal. Feb. 28, 2012); Sato v. Wachovia Mortgage, FSB, 2012 WL 368423 at *2 (N.D. Cal. Feb. 3, 2012).

For all of the foregoing reasons, plaintiff's motion for a stay of state court proceedings and/or plaintiff's request for TRO are hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 1, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge