UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUZ AQUINO,

    Plaintiff,

    v.

JP MORGAN CHASE BANK N.A., et al.,

    Defendants.

Case No. 12-cv-05548-WHO

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 30

## BACKGROUND

On October 29, 2012, plaintiff Luz Aquino filed this case against defendants JP Morgan Chase Bank N.A. and California Reconveyance Company, bringing causes of action for (1) intentional misrepresentation; (2) negligence per se; (3) negligence; (4) rescission; (5) wrongful foreclosure; and (6) quiet title. Dkt. No. 1. On November 1, 2012, the Honorable Phyllis Hamilton denied a motion for a stay of state court proceedings and a motion for a temporary restraining order to prevent foreclosure and eviction proceedings. Dkt. No. 8. The defendants filed a motion to dismiss the Complaint, Dkt. No. 10, and on March 25, 2013, Judge Hamilton granted the motion to dismiss with leave to amend and detailed the various elements of each cause of action alleged for the benefit of the plaintiff, Dkt. No. 24. On May 13, 2013, the plaintiff filed her First Amended Complaint,[1] Dkt. No. 29, to which the defendants filed a Motion to Dismiss, Dkt. No. 30. The plaintiff did not file an Opposition until over two months later on August 7, 2013. Dkt. No. 35. The defendants filed a Reply on August 16, 2013. Dkt. No. 39.

---

[1] The plaintiff titled the pleading as an "Answer," "Compulsory Cross-Action to Dismiss Plaintiff's Complaint," and "Attestation and Affidavit by Verified Declaration." The Court treats this pleading as the First Amended Complaint.

On August 22, 2013, the Court held a case management conference with the parties, during which the Court referred the plaintiff to the Court's Legal Help Center and ordered the parties to arrange a telephone conference with the Court's Alternative Dispute Resolution Unit. Dkt. No. 41. The Court also continued the Motion to Dismiss until the phone conference was held and any recommended steps completed. On August 30, 2013, the telephone conference was held, but the case does not appear to have been resolved. Dkt. No. 42.

## DISCUSSION

Under Federal Rule of Civil Procedure 8, a plaintiff must file "a short and plain statement" showing that she is entitled to relief. The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), drawing all "reasonable inferences" from those facts in the nonmoving party's favor. *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). A complaint may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).

The plaintiff has pleaded no facts in the FAC from which the Court may determine whether she states a valid cause of action. Indeed, unlike her original Complaint, the FAC does not even appear to allege any causes of action. Thus, the FAC fails to state a claim for which relief may be granted.

In the Order dismissing the original Complaint, Judge Hamilton concisely detailed the elements of each cause of action the plaintiff alleged, showing what must be pleaded in order to state a claim. If the plaintiff wishes to survive another motion to dismiss, she should heed the Court's suggestions.

## CONCLUSION

Pursuant to Civil Local Rule 7-1(b), the Court finds that the Motion to Dismiss may be resolved without oral argument and VACATES the hearing. Cognizant of the liberality with

which a court should treat pro se litigants, and for that reason only, the Court GRANTS the Motion to Dismiss WITH LEAVE TO AMEND. Because the plaintiff has had two unsuccessful attempts, if she chooses to amend a third time, she is warned that it will be her final try. No further amendments will be permitted.

The Court ORDERS the parties to arrange another conference with the Alternative Dispute Resolution Unit. No motion to dismiss will be considered unless a party certifies to the Court that settlement is impossible. The Court again refers the plaintiff to the Legal Help Center and recommends that she consider Judge Hamilton's Order should she wish to file an amended complaint. Any amended complaint shall be filed within 30 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: September 30, 2013



WILLIAM H. ORRICK
United States District Judge