UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ AQUINO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>    Defendants. | Case No. 12-cv-05548-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**[1]<br><br>Re: Dkt. No. 48 |

Defendants JP Morgan Chase, N.A. ("Chase"), and California Reconveyance Company ("CRC") move to dismiss plaintiffs Luz Aquino and Rufino Aquino's Third Amended Complaint ("TAC"). Based on the parties' briefs and argument, and for the reasons below, the motion to dismiss is GRANTED.

**FACTUAL BACKGROUND**

The plaintiffs allege the following in their TAC[2]:

The plaintiffs were the owners of a residence located at 1309 Greenway Drive, Richmond,

---

[1] As the defendants correctly note, the operative complaint is the plaintiffs' second amended complaint, but the plaintiffs title it their Third Amended Complaint and the defendants refer to it as such in their briefs. To avoid confusion, this Order will do the same.

[2] The defendants have filed a Request for Judicial Notice and, based on the documents therein, provide a different set of facts than what the plaintiffs allege: Plaintiff Luz Aquino obtained a residential loan for $456,000 from Washington Mutual, secured by a deed of trust encumbering the property, which was recorded on April 3, 2007. Washington Mutual was the beneficiary, CRC was the trustee, and Ms. Aquino was the borrower. On September 25, 2008, the Federal Deposit Insurance Corporation and Chase acquired all the servicing rights and obligations of Washington Mutual. On January 25, 2011, a notice of default was recorded because the plaintiffs owed $35,724.67. A trustee's sale was noticed on February 13, 2012, and recorded two days later. Chase purchased the property for $235,000.00. The unpaid debt and costs totaled $834,678.22, and the sale was recorded on August 17, 2012. Opp'n 3-4. Because the Court relies only on the plaintiffs' pleadings in deciding this motion and finds no need to rely on the documents the defendants submitted, the Request for Judicial Notice is DENIED.

California (the "property"). TAC ¶ 1. They purchased the property on April 3, 1997, through a mortgage loan, for which Washington Mutual Bank, FA, was the original lender and holder of the deed of trust on the property. TAC ¶ 12. On June 26, 2007, Washington Mutual transferred the mortgage to WaMu Asset Acceptance Corp., which deposited the underlying promissory note into the WaMu Mortgage Pass-Through Certificates, Series 2007-OA6, June 26, 2007. TAC ¶ 13. This transfer was invalid, however, because Washington Mutual did not concurrently convey the deed of trust, which California law says is inseparable from the note, thereby rendering the deed of trust void. TAC ¶¶ 14, 25. Because California Reconveyance Company is "on title," it is also named as a defendant. TAC ¶ 17.

At some point, Chase acquired the "Debt, Loan, and/or Promissory Note." TAC ¶ 20. The property was foreclosed and then sold at auction on August 15, 2012, and the plaintiffs were evicted on November 1, 2012. TAC ¶¶ 2, 15. The plaintiffs made a good-faith tender or offer to pay the debt, which the defendants "rejected by acquiescence." TAC ¶ 10.

The plaintiffs bring a single cause of action to quiet title. TAC ¶¶ 7-8.

## PROCEDURAL BACKGROUND

The Court incorporates by reference the procedural history detailed in its Order Granting Motion to Dismiss First Amended Complaint, issued on September 30, 2013. Dkt. No. 44. The plaintiffs filed their TAC on October 30, 2013. Dkt. No. 45. In dismissing the plaintiffs' last complaint, the Court ordered the parties to hold another conference with the Alternative Dispute Resolution Unit and stated that no motion to dismiss would be entertained unless a party certified that settlement is impossible. The defendants filed their motion to dismiss the TAC on November 18, 2013, to which the plaintiffs filed an opposition on December 4, 2013, and the defendants filed a reply on December 9, 2013. Dkt. Nos. 47, 50, 51. The defendants certified on January 14, 2014, that settlement was impossible. Dkt. No. 52. On January 22, 2014, the Court held a hearing on the motion.

## LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The

Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), drawing all "reasonable inferences" from those facts in the nonmoving party's favor, *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). A complaint may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "a complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement," *id.* (quotation marks and brackets omitted), and the court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines that the pleading could not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

In particular, pro se pleadings must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must afford the plaintiff the benefit of any doubt, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), but the pleadings must still allege sufficient facts to state a claim, *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 520-21 (citation and quotation marks omitted).

## DISCUSSION

The plaintiffs seek to quiet title on two bases. First, they argue that the promissory note was improperly severed from the deed of trust. TAC ¶ 18. When the promissory note, debt, and loan were sold to Chase, then any security had to have transferred along with it by operation of law. Accordingly, the deed of trust became invalid and Chase lost all interest in the property.

TAC ¶¶ 20-21.

Second, the plaintiffs argue that the terms of the deed of trust were satisfied. TAC ¶ 18. The plaintiffs argue that by the mere fact that the promissory note, debt, and loan were sold, the deed of trust was fully satisfied based on the terms contained in the deed. TAC ¶ 23. In addition, the plaintiffs assert that they made a tender offer to pay the debt. TAC ¶ 10.

## I. THE PLAINTIFFS FAIL TO SHOW THAT THE FORECLOSURE WAS IMPROPER.

"The assignment of a debt secured by mortgage carries with it the security." CAL. CIV. CODE § 2936. Citing this statute, the plaintiffs assert that when Chase acquired the debt, loan, or promissory note for the property, the security should have transferred with it, but the deed of trust became invalid because it was not assigned as well. TAC ¶¶ 20-22. Accordingly, plaintiffs argue that the defendants wrongfully foreclosed on the property and are not entitled to it.[3]

The plaintiffs' argument is belied by the statute it cites, and federal judges in this state have rejected the contention that a foreclosure is invalid if a promissory note and deed of trust are separated or are not held by the foreclosing entity. *Ruiz v. Wells Fargo Bank, N.A.*, No. 13-cv-1114, 2013 WL 1235841, at *2 (C.D. Cal. Mar. 27, 2013); *Tall v. Mortgage Elec. Registration Sys., Inc.*, No. 12-cv-5348-WHA, 2012 WL 6680183, at *3 (N.D. Cal. Dec. 21, 2012); *Jimenez v. Ocwen Loan Servicing, LLC*, No. 12-cv-3298-EDL, 2012 WL 4933460, at *2-3 (N.D. Cal. Oct. 16, 2012). The plaintiffs are correct that "assignment of a debt secured by a mortgage carries with it the security." There is no requirement, however, that assignment of a note be accompanied by "a separate assignment of the deed of trust." *Multibank 2009-1 RES-ADC Venture, LLC v. San Diego Cmty. Hous. Corp.*, No. 09-cv-2880, 2011 WL 1044612, at *4 n.5 (S.D. Cal. Mar. 21, 2011). "It is well established that when a note secured by a mortgage is transferred, 'transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter.'" *Davidson v. Countrywide Home Loans, Inc.*, No. 09-cv-2694, 2010 WL 962712, at *5

---

[3] At the hearing on this motion, as well as in their opposition brief, the plaintiffs repeatedly asserted that defendants lacked standing, a concept that does not apply to a defendant, but the Court understood the plaintiffs to be arguing that the defendants had no right to foreclose on the property because of the arguments described in this section of the Order.

4

(S.D. Cal. Mar. 16, 2010) (quoting *Carpenter v. Longan*, 83 U.S. 271, 275 (1872)). "Thus, transfer of the note without the mortgage does not cause the mortgage to become null, nor the note to become unsecured; the mortgage automatically follows the note." *Id.* The plaintiffs fail to adequately allege that the property was not validly transferred and foreclosed upon.

The plaintiffs argue that the defendants must be required to produce "the <u>original, properly endorsed note</u>" to support their entitlement to the property. Opp'n 4 (original emphasis). But "under California law there is no requirement for the production of the original note to initiate nonjudicial foreclosure proceedings." *Quintero Family Trust v. OneWest Bank, F.S.B.*, No. 09-cv-1561, 2010 WL 392312, *6 & *7 n.6 (S.D. Cal. Jan. 27, 2010); *Pantoja*, 640 F. Supp. 2d at 1186 ("the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid"). To survive a motion to dismiss, the plaintiffs must plead enough facts to establish a plausible claim; the burden is not on the defendants to show that their foreclosure was valid. The plaintiffs have not sufficiently alleged any facts or cited any law showing that the defendants improperly initiated foreclosure proceedings on the property.[4] *See generally Sargent v. JPMorgan Chase Bank, N.A.*, No. 13-cv-1690-WHA, 2013 WL 3878167, at *2-3 (N.D. Cal. July 25, 2013) (dismissing wrongful foreclosure claims based on alleged separation of note and deed of trust). Their argument fails.

## II.  THE PLAINTIFFS ARE NOT ENTITLED TO QUIET TITLE.

The purpose of an action to quiet title "is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Peterson v. Gibbs*, 81 P. 121, 123 (Cal. 1905). A claim to quiet title must be brought through a verified complaint and allege the following: (1) "[a] description of the property . . . [which] shall include both its legal description and its street address"; (2) the basis for the plaintiff's title; and (3) "[t]he adverse claims to the title of the

---

[4] At the motion hearing, the plaintiffs argued that the foreclosure was wrongful because their loan was securitized. "[T]o the extent that [the plaintiffs'] wrongful foreclosure claim is premised on the alleged securitization of the loan, 'courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor with a cause of action.'" *Karimi v. GMAC Mortgage*, No. 11-cv-926-LHK, 2011 WL 5914006, at *5 (N.D. Cal. Nov. 28, 2011) (citations omitted).

1  plaintiff." CAL. CIV. P. § 761.020; Dkt. No. 24 at 3; *Anderson v. U.S. Bank, N.A.*, No. 13-cv-636-
2  PSG, 2014 WL 47087, at *4 (N.D. Cal. Jan. 6, 2014); *Sowinski v. Wells Fargo Bank, N.A.*, No. 11-
3  cv-6431-SC, 2012 WL 5904711, at *2 (N.D. Cal. Nov. 26, 2012); *Ananiev v. Aurora Loan Servs.,*
4  *LLC*, No. 12-cv-2275-SI, 2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012).

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934). "In order to satisfy the second requirement [of the cause of action], plaintiff must allege that he has discharged his debt, regardless to whom it is owed." *Ananiev*, 2012 WL 4099568, at *3. In other words, the plaintiffs must allege "that they are the rightful owners of the property, i.e.[,] that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (Illston, J.). "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 33 Cal. Rptr. 2d 288, 290 (Ct. App. 1994). "Thus, it is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (James, J.). "[A] quiet title claim is doomed in the absence of Plaintiff's tender." *Ramirez v. Kings Mortgage Servs., Inc.*, No. 12-cv-1109, 2012 WL 5464359, at *9 (E.D. Cal. Nov. 8, 2012); *see also Marques v. Mortgageit, Inc.*, No. 09-cv-1154, 2009 WL 4980269, at *6 (C.D. Cal. Dec. 14, 2009) ("Here, Plaintiffs do not allege that they can tender the amount due under the note. Their claim for quiet title fails.").

The plaintiffs allege that "[t]here IS court admissible evidence in the instant record of good-faith '<u>TENDER</u>' offer(s) to pay what is due, rejected by acquiescence of Defendant(s), thereby causing a default by Defendant(s) and DISCHARD [sic] of any debt, pursuant to well settled American Law and Jurisprudence, which was generously supplied in the Offer(s) to Pay." TAC ¶ 10. The plaintiffs do not explain the circumstances behind this assertion.

The plaintiffs' cause of action fails because they have not adequately alleged that they satisfied their debt. They are not entitled to "quiet title without discharging [their] debt. The cloud upon [the] title persists until the debt is paid." *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Ct.

6

App. 1974). The plaintiffs say that they made a tender offer, but they only provide a bare contention that they did so. It is nothing more than a "naked assertion[ ] devoid of further factual enhancement" and does not make their claim plausible. *Iqbal*, 556 U.S. at 678. While a plaintiff seeking to quiet title "must allege that she can tender th[e] debt," a "conclusory statement" that the plaintiff has done so warrants dismissal. *Sargent*, 2013 WL 3878167, at *3.

The plaintiffs argue that because the deed of trust states that it is in full force and effect until all sums have been paid in full, the fact that the mortgage and promissory note were sold means that the deed of trust has been satisfied and is no longer a valid lien against the property. Opp'n 3-4 (citing TAC ¶ 23). The plaintiffs provide absolutely no support for such an argument. The mere fact that a third party has purchased the foreclosed property does not mean that the plaintiffs' debt is thereby satisfied such that the plaintiffs maintain ownership of the property. Despite liberally construing their pleadings and briefing, the Court concludes that the plaintiffs fail to state a claim to quiet title on the property.

**CONCLUSION**

In its Order granting the defendants' motion to dismiss the plaintiffs' last complaint, the Court stated, "Because the plaintiff has had two unsuccessful attempts [to amend], if she chooses to amend a third time, she is warned that it will be her final try. No further amendments will be permitted." The Court also advised the plaintiffs to avail themselves of the Court's Legal Help Center. Having brought an unsuccessful cause of action to quiet title before, the plaintiffs fail to state a claim again. Because further amendment will be futile, the motion to dismiss is GRANTED and the TAC is DISMISSED WITH PREJUDICE.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2014

WILLIAM H. ORRICK
United States District Judge

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LUZ AQUINO,

        Plaintiff,

  v.

JP MORGAN CHASE BANK et al,

        Defendant.

Case Number: CV12-05548 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 23, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Luz Aquino  
395 East Wigwam Avenue  
Las Vegas, NV 89123

Rufino Aquino  
C/O 1309 Greenway Drive  
Richmond, CA 94803

Dated: January 23, 2014

                      Richard W. Wieking, Clerk  
                      By: Jean Davis, Deputy Clerk